UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY LYNN DENNIS #287762,

                  Plaintiff,

                                  CASE No. 2:22-CV-11118

    v.                           HON. GEORGE CARAM STEEH

JEREMY HOWARD, et al.,

                  Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Ray Lynn Dennis, a state prisoner currently incarcerated at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff alleges Warden Jeremy Howard and a Corrections Officer Zuirker failed to protect her from an assault by her cellmate. (ECF No. 1, PageID.4.) The plaintiff has paid the filing fee in full. (*See* June 15, 2022, text-only docket entry.)

Upon review of the complaint, the Court concludes the plaintiff has failed to state a claim against defendant Jeremy Howard, and he will be dismissed from the case pursuant to 28 U.S.C. § 1915(g). The plaintiff's claims against the remaining defendant may proceed.

-1-

I.

Plaintiff Dennis alleges she was attacked by her "bunky," Briana Chase Jones, on June 20, 2021, in their cell. (ECF No. 1, PageID.13, 16.) The plaintiff was choked until she could not breathe, was stabbed in the leg five times with a pen, and her "hair was pulled out by the handful." (*Id.* at PageID.16.) Another cellmate ran to get assistance for the plaintiff. (*Id.*) Defendant corrections officer Zuirker knew the plaintiff was being beaten, but took no action until after the plaintiff escaped from the attack. (*Id.* at PageID.13, 16-17.) The plaintiff lists a Washtenaw County case number against Jones, suggesting she pressed charges over the assault. (*Id.* at PageID.13.)

Although not the subject of a cause of action within the complaint, the plaintiff also describes racially discriminatory treatment by corrections officials in her unit as context behind the assault. In a July 3, 2021, letter addressed to all MDOC employees, she asserts African American inmates were treated more favorably in the unit. (ECF No. 1, PageID.15.) She complains only Black prisoners were permitted to sell hobby craft items on Juneteenth (June 19, 2021); and that Caucasian prisoners were disciplined for an argument, while similar behavior by Black prisoners went unaddressed. (*Id.* at PageID.15, 17-18.)

The plaintiff named Jeremy Howard as a defendant because she wanted Howard and Officer Zuirker "held responsible for failure to protect" her. (*Id.* at PageID.4.) Her factual allegations otherwise do not mention Howard.

## II.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court must screen for colorable merit every prisoner complaint filed against a state or governmental entity, and is required to dismiss those prisoner actions in which the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A(b); 42 U.S.C. § 1997e(c)). The screening requirement extends to all prisoner civil cases, whether fee-paid or *in forma pauperis*, "as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it is "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*,

-3-

490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (citation

-4-

omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.*

To establish a prima facie civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Plaintiffs must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citations omitted), and that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### III.

The plaintiff states that she "want[s] Warden Howard and Officer held responsible for failure to protect" her. (ECF No. 1, PageID.4.) She makes

no other allegations against Howard and has therefore failed to advance a claim upon which relief may be granted. When a plaintiff does not allege how a defendant is involved in the violation of her rights, she fails to meet basic pleading requirements. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

Further, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, liability must be premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The fact that a defendant was a supervising officer is not enough to impose liability on them under section 1983.

The plaintiff's claims against defendant Zuirker survive. The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true," and determine whether she has stated a claim for relief that is facially plausible. *Hill v. Snyder*, 878

-6-

F.3d at 203. At "the pleading stage[, a] complaint cannot be dismissed unless 'the plaintiff can prove *no set of facts*' that would entitle him to relief." *Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007) (citing *Brown*, 207 F.3d at 867).

"The Eighth Amendment's prohibition of cruel and unusual punishments requires prison officials to 'ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates.'" *Zakora v. Chrisman*, 44 F.4th 452, 467 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Against that standard, the plaintiff's allegations that Zuirker failed to intervene despite being aware of the attack present a plausible Eighth Amendment deliberate indifference claim. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). Accordingly, her complaint survives screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c), and may proceed against the remaining defendant.

## IV.

For the reasons stated above, the plaintiff has failed to state a claim against defendant Jeremy Howard upon which relief may be granted. He will be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

-7-

The case may proceed against defendant Officer Zuirker.

**IT IS SO ORDERED.**

Dated:  September 27, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 27, 2022, by electronic and/or ordinary mail and
also on  Ray  Lynn Dennis #287762, Huron Valley Complex –
Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Brianna Sauve
Deputy Clerk