UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY LYNN DENNIS,

      Plaintiff,

vs.

Case No. 22-11118
HON. GEORGE CARAM STEEH

JEREMY HOWARD and
TICCI ZIRKER,

      Defendants.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
(ECF No. 34), ADOPTING REPORT AND RECOMMENDATION
(ECF No. 29) AND GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (EFC No. 22)

Plaintiff Ray Lynn Dennis brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections' officer Ticci Zirker for failure to protect her from an assault by her cellmate.[1] The matter is before the Court on the Report and Recommendation (R&R) prepared by Magistrate Judge Grand recommending that Zirker's motion for summary judgment based on the failure to properly exhaust administrative remedies be granted. Plaintiff requested and was given an extension to file objections to the R&R (ECF Nos. 32 and 33). On June 10,

---

[1] The Court previously dismissed plaintiff's claims against defendant Warden Jeremy Howard (ECF No. 7).

2024, plaintiff filed a motion for exigent circumstances (ECF No. 34), which the Court construes as objections to the R&R.

With respect to R&Rs, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

In her filing, plaintiff explains the actions she took to exhaust her administrative remedies, required by the Prison Litigation Reform Act (PLRA), prior to filing this lawsuit. Plaintiff states that she complied with MDOC's grievance policy at the time of the incident in 2021. She also outlines steps she has taken recently to obtain a grievance identifier that she believes is proof that she properly exhausted the administrative remedies. Finally, she asks the Court to find exigent circumstances exist such that she should be relieved of the obligation of exhausting MDOC's grievance policy.

I.   Exhaustion of MDOC Grievance Process

Plaintiff argues that she took the necessary steps to exhaust her grievance but was hindered by the grievance coordinator who did not provide an ID number or response to her grievances. The R&R addresses

this argument, acknowledging that the law only requires a prisoner to show they made reasonable efforts to exhaust a grievance, but that the process was unavailable to her. ECF No. 29, PageID.173. Even accepting plaintiff's contention that she filed her Step I grievance as true, she has not presented any evidence from which the Court could conclude she took reasonable steps to exhaust the grievance through the three-step process. ECF No. 29, PageID.177 ("[I]t is noteworthy that Dennis provides no evidence demonstrating that she ever attempted to obtain a Step II grievance appeal form after the time for a Step I response to her grievance had lapsed, which would have been the appropriate time for her to do so.")

The Court overrules plaintiff's objections related to her exhaustion of the grievance process, which primarily restate the arguments she made and evidence she presented in response to defendant's motion for summary judgment. The Court adopts the Magistrate Judge's recommendation and finds that plaintiff has failed to present evidence that she made reasonable efforts to exhaust all three steps of the grievance process, but that the process was unavailable to her.

II.     Exigent Circumstances

Plaintiff argues for the first time that exigent circumstances exist in this case which excuse her failure to exhaust because her safety has been

threatened. In support, plaintiff states there is a video that will show Zirker failed to execute her job duties when she learned that plaintiff was being attacked by her cell mate.

While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Even if the Court did address plaintiff's exigent circumstances argument, courts in this Circuit have held that the PLRA's statutory exhaustion requirement does not recognize an exception for exigent circumstances. *See Boulding v. Michigan Dep't of Corr.,* No. 13-14325, 2015 WL 136195, at *3 (E.D. Mich. Jan. 6, 2015), *report and recommendation adopted*, No. 13-14325, 2015 WL 1510446 (E.D. Mich. Mar. 24, 2015) (citing cases). The Court denies plaintiff's request to excuse her failure to exhaust due to exigent circumstances.

Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections and request to excuse due to exigent circumstances (ECF No. 34) are overruled.

IT IS HEREBY FURTHER ORDERED that the Report and Recommendation (ECF No. 29) is adopted by the Court.

IT IS HEREBY FURTHER ORDERED that defendant Zirker's motion for summary judgment (ECF No. 22) is GRANTED.

Dated:  June 13, 2024

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 13, 2024, by electronic and/or ordinary mail and also on Ray Lynn Dennis #287762, Huron Valley Complex – Womens, 3201 Bemis Road Ypsilanti, MI 48197.

s/Lashawn Saulsberry  
Deputy Clerk